## SIMS v. THE STATE.

1. The evidence authorized an instruction that flight may be considered as a circumstance in inferring the guilt of the accused.

2. The decedent was killed with a gun discharged while in the hands of the accused. The accused in his statement admitted that he held the gun when it was discharged, but claimed that it was accidentally discharged. Under such circumstances a new trial is not required because the court charged: "If you do not believe that the defendant is guilty, or if you have a reasonable doubt in your minds as to his guilt, and if you believe it was an accidental homicide, then it would be your duty to acquit the defendant," on the ground that an acquittal could result only from a concurrence of a reasonable doubt as to the prisoner's guilt and the belief that the homicide was accidental.

3. A witness for the State, in the course of his testimony, said that the killing "was on account of Sims's [the accused's] wife." On objection made to this expression the court said to the witness, "State the facts; it is for the jury to decide." Error is assigned, because the response of the court did not amount to a ruling, but only to a direction to the witness how to answer the question. The motive for the alleged crime was pertinent to the issue, and the statement of the court was a ruling that such motive could be established only by facts, and not by the conclusion of the witness. If counsel desired a more specific statement, he should have requested it at the time.

4. The accused was arrested in another State. The officer in whose custody he was, testified that after the arrest was made he objected to being carried back to the venue of the alleged crime, and, among other things, said: "There is one thing; you can not carry me unless I sign something." On motion to exclude this testimony the court inquired of the solicitor-general its relevancy. The solicitor-general replied that the purpose was to show the prisoner's disinclination to return. Whereupon the court remarked: "He had a right to refuse to come. It is not a matter to be used against him, if he had a legal right." Error is assigned, because the observation of the court did not amount to a ruling on the admissibility of the testimony, and because it contained an expression of opinion as to its force and effect. A new trial is not required because of this assignment of error.

5. Other assignments are without merit, and the evidence authorized the verdict.

SEPTEMBER 15, 1915.

Indictment for murder. Before Judge Littlejohn. Lee superior court. May 28, 1915.

*Ware G. Martin,* for plaintiff in error.

*Warren Grice, attorney-general, J. R. Williams, solicitor-general,* and *A. L. Henson,* contra.

EVANS, P. J. Cliff Sims was convicted of the murder of Catherine Boston, and sentenced to be hanged. The evidence of the

State tended to show that about the middle of February, 1909, the decedent was at the house of Will Campbell, when Ambrose Fuller (who was jointly indicted) called her out of the house into the road, when the defendant deliberately aimed a shotgun at her and fired, inflicting a mortal wound. The defendant claimed in his statement that the gun was accidentally discharged. It appeared in evidence that immediately after the shooting the defendant disappeared. A warrant for his arrest was issued, but he could not be found until six years afterwards, when he was arrested in another State. When he was arrested he at first denied his identity. The rulings on the various assignments of error sufficiently appear in the headnotes, and further discussion of them is unnecessary. The evidence authorized the verdict, and no sufficient reason is made to appear for a reversal of the judgment denying a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*